IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charleston Aluminum, LLC, | ) | Civil Action No.: 3:05-02337-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Samuel, Son & Co., Inc. and Kaiser | ) | |
| Aluminum & Chemical Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Charleston Aluminum, LLC alleges that it entered into contracts with Defendant Samuel, Son & Co., Inc. (hereinafter "Samuel"), a distributor, to purchase aluminum manufactured by Defendant Kaiser Aluminum & Chemical Corporation (hereinafter "Kaiser") (Samuel and Kaiser hereafter collectively are referred to as "Defendants"). Plaintiff then would sell the aluminum on the open market to other suppliers and consumers of aluminum products. According to Plaintiff, Kaiser discovered that Samuel was selling aluminum to Plaintiff. Kaiser advised Samuel not to sell to Plaintiff. Plaintiff alleges that it lost sales and profits, the good will of its customers, and its business reputation.

Plaintiff filed this action on July 14, 2005 in the Court of Common Pleas for Richland County, South Carolina. Defendants removed the case on August 15, 2005. See 28 U.S.C. §§ 1332, 1441, 1446. Plaintiff filed an amended complaint on December 28, 2005. Plaintiff alleges six causes of action: (1) intentional interference with contractual relations as to Kaiser (First Cause of Action); (2) intentional interference with prospective contractual relations as to Kaiser (Second Cause of Action); (3) breach of contract as to Samuel (Third Cause of Action); (4) breach of contract accompanied by a fraudulent acts as to Samuel (Fourth Cause of Action); (5) civil conspiracy as to

Samuel and Kaiser (Fifth Cause of Action); and (6) unfair trade practices as to Samuel and Kaiser (Sixth Cause of Action).

This matter is before the court on Defendants' motions to dismiss filed January 13, 2006 (Entries 31 and 35, respectively). Defendants seek to dismiss Plaintiff's fifth and sixth causes of action, i.e. civil conspiracy and unfair trade practices, for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Plaintiff filed a response to Defendants' motions on February 10, 2006. Samuel and Kaiser filed replies on February 27, 2006. The court held a hearing on the motions on June 22, 2006. After considering the arguments of counsel, the pleadings, motions, memoranda, and applicable case law, the court concludes Defendants' motions should be granted in part and denied in part.

## DISCUSSION

Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's fifth and sixth causes of action for failure to state a claim upon which relief can be granted. Rule 12(b)(6) requires that the court accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). A motion to dismiss should be granted when it appears that "the plaintiff can prove no set of facts to support the claim and entitle the plaintiff to relief." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994) (citing Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). "In reviewing the legal sufficiency of the complaint, this court must accept as true all well-pleaded allegations and must construe the factual allegations in the light most favorable to the plaintiff." Id. All inferences reasonably drawn from the complaint must be considered together with the plaintiff's allegations of fact. See Murray v. City of Milford, 380 F.2d 468, 470 (2d Cir. 1967). The granting

of a 12(b)(6) motion is appropriate only in "very limited circumstances" where "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Fed. R. Civ. P. 12(b)(6) must be analyzed in conjunction with Fed. R. Civ. P. 8. Rule 8 mandates that a complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8, a plaintiff need only to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A.     Motion to Dismiss Plaintiff's Fifth Cause of Action Alleging a Civil Conspiracy

The tort of civil conspiracy contains three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) causing plaintiff special damage. Kuznik v. Bees Ferry Assoc., 538 S.E.2d 15, 31 (S.C. Ct. App. 2000). "A claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than re-allege other claims." Robinson v. Metts, 86 F. Supp. 2d 557, 563 (D.S.C. 1997) (citing Todd v. S.C. Farm Bureau Mut. Ins. Co., 278 S.E.2d 607 (S.C. 1981)). A plaintiff cannot predicate a conspiracy claim on the same facts as a breach of contract claim. Vaught v. Waites, 387 S.E.2d 91 (S.C. Ct. App. 1989).

Defendants assert that Plaintiff's fifth cause of action merely reiterates its breach of contract claims. According to Defendants, Plaintiff fails to allege additional facts in furtherance of a conspiracy. The court disagrees. Plaintiff alleges in its amended complaint that "Kaiser and Samuel combined for the purpose of ruining or damaging Charleston Aluminum's business and its reputation

and for gaining a competitive edge in the marketplace." Amend. Compl., ¶ 29. Plaintiff further contends Defendants furthered the conspiracy by failing to provide Plaintiff with the aluminum it had contracted to purchase from Samuel. Without the delivery of the contracted-for aluminum Plaintiff was forced to breach its contracts with its customers. Plaintiff's inability to supply aluminum allegedly opened the way for Defendants to make aluminum available directly to Plaintiff's customers. These allegations appear nowhere else in Plaintiff's complaint and do more than merely reiterate Plaintiff's previously pleaded breach of contract claims

Defendants also contend that Plaintiff failed to plead special damages. Special damages are those elements of damages that are the natural, but not the necessary or usual, consequences of the defendant's conduct, and typically stem from and depend upon the particular circumstances of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1310 (3d ed. 2005) (hereinafter "Wright & Miller"). Fed. R. Civ. P. 9(g) provides that "[w]hen items of special damage are claimed, they shall be specifically stated." Allegations of special damage will be deemed sufficient for the purpose of Rule 9(g) if they are definite enough to enable the opposing party to prepare its responsive pleading and a defense to the claim. Wright & Miller § 1310.

Plaintiff alleges that as a result of the civil conspiracy, it "has suffered special damages by its loss of business reputation and loss of profit." Amended Compl. ¶ 31. Plaintiff disputed at the hearing that lost profits and loss of reputation are general damages distinct from the lost sales, lost profits, and loss of good will damages alleged with respect to its intentional interference with contractual relations and breach of contract actions (First, Second, Third, and Fourth Causes of Action).

Plaintiff fails to articulate in the amended complaint what the special damages are, only that

they allegedly exist.  In the court's view, the amended complaint fails to describe special damages with sufficient particularity to enable Defendants to defend against this claim. In addition, the court finds that the damages pleaded by Plaintiff in the civil conspiracy cause of action are duplicative of the damages asserted with respect to the contract causes of action.  Defendants' motions to dismiss are granted as to this issue.

B.	Motion to Dismiss Plaintiff's Sixth Cause of Action Claim for Unfair Trade Practices

The South Carolina Unfair Trade Practices Act (SCUTPA) prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." S.C. Code Ann. § 39-5-20.  In order to recover under the SCUTPA, a plaintiff must establish that (1) the defendant engaged in an unlawful trade practice, (2) the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest.  See Havird Oil Co. v. Marathon Oil Co., 149 F.3d 283, 291 (4th Cir. 1998).  A breach of contract, without more, does not constitute a violation of SCUPTA.  See, e.g., Bessinger v. Food Lion, Inc. 305 F. Supp. 2d 574 (D.S.C. 2003); Wilson Group, Inc. v. Quorum Health Res., Inc., 880 F. Supp. 416, 426 (D.S.C. 1995) (citing Ardis v. Cox, 431 S.E.2d 267, 271 (S.C. Ct. App. 1993)).

Defendants assert that Plaintiff has founded its SCUPTA claim only on Samuel's alleged breach of contract.  The court disagrees.  The allegations of the complaint can be read as demonstrating Defendants engaged in unfair trade practices for the purpose of undermining Plaintiff's business and gaining a competitive advantage by eliminating Plaintiff from the marketplace.  The court cannot say that Plaintiff can prove no set of facts to support the claim and entitle it to relief.

Defendants also assert that Plaintiff has not pleaded facts sufficient to demonstrate an adverse impact on public interest. Under South Carolina law, unfair or deceptive acts have an adverse impact upon the public if those acts have the potential for repetition. Haley Nursery Co. v. Forrest, 381 S.E.2d 906, 908 (S.C. 1989). Plaintiff alleged in the complaint that Kaiser with improper purpose interfered with both its current and prospective contractual relationships. Plaintiff also alleged that Defendants diverted aluminum to Plaintiff's customers on more than one occasion. "Potential for repetition may be shown (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the company's procedures create a potential for repetition of the unfair and deceptive acts. Daisy Outdoor Advertising Co. v. Abbott, 473 S.E.2d 47, 49-50 (S.C. 1996). The court cannot say that Plaintiff can prove no set of facts to support the claim and entitle it to relief. Defendants' motions to dismiss are denied as to this issue.

## CONCLUSION

For the reasons stated, Defendants' motions to dismiss are **granted** as to the Fifth Cause of Action. The motions to dismiss are **denied** as to the Sixth Cause of Action.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

August 15, 2006

Columbia, South Carolina